**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| LEON RICHARDSON, |
| |
| Petitioner, |
| |
| v. |
| |
| DELORES R. STEPHENS, |
| |
| Respondent. |

Civil Action No. 10-1150 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on consideration of Leon Richardson's petition for a writ of habeas corpus. For the reasons discussed below, the petition will be denied.[1]

## I. BACKGROUND

Petitioner was "convicted of second-degree burglary while armed, armed robbery, and possession of a firearm during a crime of violence." *Gregg v. United States*, 754 A.2d 265, 266 (D.C.) (affirming petitioner's and his co-defendant's convictions), *cert. denied*, 531 U.S. 980 (2000). He is now serving an aggregate sentence of 17 to 51 years' incarceration imposed on February 27, 1996 by the Superior Court of the District of Columbia. Pet. ¶ 4. He persistently has sought relief in both the Superior Court and the District of Columbia Court of Appeals.

Petitioner unsuccessfully appealed his conviction, *see Gregg*, 754 A.2d at 266, and on November 29, 2001, counsel filed on his behalf a motion in the District of Columbia Court of

---

[1]      In addition, the Court will deny as moot petitioner's motion for appointment of counsel.

Appeals to recall the mandate "claiming that appellate counsel had provided ineffective assistance of counsel for not investigating an ineffective assistance of trial counsel" claim. Pet. ¶ 13(A). That court denied the motion "without prejudice to the Superior Court's considering [his] motion under D.C. Code [§] 23-110." *Id.* Subsequently, on October 15, 2002, he filed a motion in the Superior Court under D.C. Code § 23-110 to vacate the sentence and for a new trial, and the motion was denied on August 20, 2003. *Id.* Petitioner appealed this decision on August 28, 2003, and the Court of Appeals affirmed on April 27, 2006. *Id.* Petitioner unsuccessfully sought a rehearing en banc. *Id.* He did not file a motion to recall the mandate.

Returning to the Superior Court, petitioner filed a motion for a reduction in sentence under Super. Ct. Crim. R. 35(b), which was denied on June 1, 2007. Pet. ¶ 13(B). The Superior Court also denied a second motion under D.C. Code § 23-110, a decision affirmed on appeal on November 24, 2009. *Id.*

## II. DISCUSSION

Undaunted, petitioner has filed this petition under 28 U.S.C. § 2254, alleging that his "convictions and sentences . . . are unlawful and void because of multiple violations of [his] right to due process of law," as well as raising claims of ineffective assistance of trial and appellate counsel.[2] Pet. ¶ 5. He asserts that the "State corrective process is ineffective to protect [his] rights." *Id.* ¶ 16. Specifically, he alleges that "it would be futile to file any [] more motions" in either the Superior Court or the District of Columbia Court of Appeals because the latter "has

---

[2] Petitioner has filed a Motion for Clarification [Dkt. #4] on the mistaken assumption that the Court has characterized his petition for a writ of habeas corpus under 28 U.S.C. § 2254 as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The designation "Habeas Corpus/2255" is only for internal recordkeeping purposes and is not intended to characterize the content of the petition.

made a final, and authoritative disposition of Petitioner's . . . constitutional claims." *Id.* ¶ 15.

Under District of Columbia law, a prisoner convicted and sentenced in the Superior Court may file a motion in that court to vacate, set aside, or correct his sentence "upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack[.]" D.C. Code § 23-110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[3] D.C. Code § 23-110(g); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

"It is well-established that the mere denial of relief by the local courts does not render the local remedy inadequate or ineffective." *Joyner v. O'Brien*, No. 09-0913, 2010 WL 199781, at *2 (D.D.C. Jan. 15, 2010) (citations omitted); *see Corley v. U.S. Parole Comm'n*, No. 08-1342, 2009 WL 2606554, at *3 (D.D.C. Aug. 26, 2009) (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)); *see also Morton v. United States,* No. 07-5253, 2008 WL 4726051, at *1

---

[3]     The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to section 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009), *cert. denied*, 130 S. Ct. 2073 (2010).

(D.C. Cir. June 12, 2008) (per curiam) (denying request for certificate of appealability on the ground that appellant "may not challenge his District of Columbia convictions in federal court unless his remedy under D.C. Code § 23-110 is inadequate or ineffective to test the legality of his detention . . ., and [t]he § 23-110 remedy . . . is not considered inadequate or ineffective simply because the requested relief has been denied").  Petitioner cannot avail himself of this forum merely because his prior attempts in the District of Columbia courts to vacate or set aside his conviction have been denied.

Although D.C. Code § 23-110 does not bar a District of Columbia Code offender from bringing in federal district court  a claim of ineffective assistance of appellate counsel, *Williams v. Martinez*, 586 F.3d 995, 998-99 (D.C. Cir. 2009), *cert. denied*, 130 S.Ct. 2073 (2010), petitioner does not allege that he sought to recall the mandate with respect to the unfavorable ruling on his appeal of the denial of his second motion under D.C. Code § 23-110.  Neither an unfavorable ruling nor an offender's failure to file a motion to recall the mandate renders his remedy in the District of Columbia Court of Appeals inadequate.  *See Collier v. United States*, No. 99-5120, 1999 WL 1336229, at *1 (D.C. Cir. Dec. 15, 1999) (per curiam) (concluding that a petitioner's "[f]ailure to prevail in [the District of Columbia Court of Appeals] does not render his local remedies inadequate or ineffective"), *cert. denied*, 529 U.S. 1118 (2000); *Johnson v. Stansberry*, No. 10-0178, 2010 WL 358521, at *2 (D.D.C. Jan. 29, 2010) (denying habeas petition of a petitioner who "did not move to recall the mandate [and had] not exhausted his local remedies" ); *Reyes v. Rios*, 432 F. Supp. 2d 1, 4 (D.D.C. 2006) ("Even if petitioner has failed to file a motion to recall the mandate, the availability of such a course precludes the finding of inadequacy or ineffectiveness required to support his petition in this Court.") .

Petitioner therefore has not demonstrated that the remedies in the District of Columbia courts are inadequate or ineffective to test the legality of his conviction. Accordingly, his petition will be dismissed. An Order accompanies this Memorandum Opinion.

                                                    _____/s/_____
                                                    JOHN D. BATES
DATE:  August 10, 2010                              United States District Judge